IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAY 2 4 2005

DAVID J. MALAND, CLERK
BY
DEPUTY_____

| | | |
|---|---|---|
| LUIS A. CASTANEDA | § | |
| VS. | § | CIVIL ACTION NO. 4:05cv121 |
| DOUG DRETKE | § | |

MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

Petitioner Luis A. Castaneda, an inmate confined at the Ware Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Don D. Bush, United States Magistrate Judge, at Sherman, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed as barred by limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

Petitioner filed his state application for writ of habeas corpus within the one-year limitations period, tolling limitations

for a period of 75 days. Therefore, the limitations period expired on December 22, 2004. However, petitioner did not file his federal petition for writ of habeas corpus until March 14, 2005, missing the deadline by almost three months.

After careful consideration, the court concludes Petitioner's objections should be overruled. The one-year limitations provision contained in the AEDPA "does not operate as a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Id.* (citation and internal quotation marks omitted). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). However, "[a] garden variety claim of excusable neglect does not support equitable tolling." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citation and internal quotation marks omitted).

Here, Petitioner has presented no more than a garden variety claim of excusable neglect. Petitioner has failed to demonstrate that exceptional circumstances prevented him from filing his petition within the statutory period of limitations. As set forth above, Petitioner filed his state application within the limitations period. *Pro se* status does not excuse an untimely

filed federal habeas petition. *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993). Further, Petitioner did not diligently pursue his claims. As a result, the petition is barred by the statute of limitations.

### O R D E R

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED** this 24 day of may, 2005.

PAUL BROWN
UNITED STATES DISTRICT JUDGE